IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and NEXT FRIEND of D.F., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 20 CV 811 ) |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS GEORGE SPACEK, #3913, MATTHEW HEINEN, #15961, TIMOTHY MORAN, #14413, and E. BIELAWSKI, #2930, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## AMENDED COMPLAINT

NOW COME the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., by and through counsel, SHILLER PREYAR JARARD & SAMUELS, and complaining of the defendants, CITY OF CHICAGO and POLICE OFFICERS GEORGE SPACEK, #3913, MATTHEW HEINEN, #15961, TIMOTHY MORAN, #14413, E. BIELAWSKI, #2930, N. ZANA, #5673, and A. VHORA, #8758, state as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

1

EXHIBIT 1

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiffs ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., are citizens of the United States of America, who, at all times relevant, resided in Cook County, Illinois. MARKITA WILLIAMS is the mother and legal guardian of D.F. who, at all times relevant, was a minor.

5. Defendant GEORGE SPACEK, #3913, MATTHEW HEINEN, #15961, TIMOTHY MORAN, #14413, and E. BIELAWSKI, #2930 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

EXHIBIT 1

## FACTS

7. On or around 3 August 2019, Alexis was driving a vehicle with her brothers Daquan and D.F. as passengers. They were headed to meet their mother who needed emergency assistance.

8. Defendant Officers initiated a stop of the vehicle for an alleged traffic violation. Although Alexis posed no threat to the defendants, she was ordered out of the car and searched.

9. Realizing the traffic stop was going to take long, Daquan attempted to go on Facebook Live in an attempt to garner attention about his mother's emergency needs and request that one of his friends go to assist her.

10. When a Defendant Officer saw that Daquan was on Facebook Live, he threatened Daquan and tried to physically force him to get out of the car.

11. Daquan asked why he was being forced out of the car for a traffic stop when he was not the driver.

12. Defendant Officer then dove headfirst through the open driver's side door and punched Daquan in the face, fracturing his orbital lobe.

13. Daquan was then dragged out of the car, forced to the ground, beaten and spit on by Defendant Officers who threatened to break his arm.

14. When D.F. saw Defendant Officers using excessive force against his siblings, he tried to use Alexis's phone to call their mother.

15. However, when Defendant Officers saw D.F. trying to make a phone call, they manhandled and arrested him.

16. Alexis, who'd had a panic attack and blacked out when she saw the excessive force that was being used against her brother, was then picked up by her arms/wrists and placed in the back of a police vehicle.

17. At that time, all three Plaintiffs were arrested.

18. Plaintiffs' arrests were made without a warrant. Immediately before they were arrested by the Defendant Officers, Plaintiffs were not violating any laws, rules or ordinances. As the Plaintiffs were being arrested, they were not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiffs on 3 August 2019.

19. Although Daquan suffered from an objectively serious medical condition, he was denied any medical care and taken back to the police station.

20. Defendant Officers then separated the siblings so that they were each at a different station.

21. Defendant Officers subsequently caused Alexis and Daquan to be charged with crimes that they knew they did not commit in order to cover up for their own misconduct.

22. D.F. was released without being charged.

23. There was no probable cause to charge Daquan with resisting arrest or battery; on 11 September 2019 those charges were dismissed in a manner consistent with his innocence.

24. The acts of Defendant Officer were intentional, willful and wanton.

25. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Excessive Force

26. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

27. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

28. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – False Imprisonment/Arrest

29. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

5

EXHIBIT 1

30. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

31. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – Failure to Intervene

32. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

33. The actions of Defendant Officers constituted unreasonable, unjustifiable, and unlawful use of force against Plaintiffs, thus violating her rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

EXHIBIT 1

34. Defendant Officers failed to intervene when their co-workers unreasonably used force against Plaintiffs, as alleged above, even though there was no legal basis for it.

35. The aforementioned actions of Defendant Officers was the direct and proximate cause of the Constitutional violations set forth above.

36. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Denial of Medical Care

37. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

38. As described more fully above, Defendant Officers had notice of Plaintiff's objectively serious medical condition.

39. Despite Defendant Officers' notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

40. As a result of the unjustified and unconstitutional conduct of Defendant Officers, Plaintiff experienced pain, suffering, emotional distress, injury, and risked life-long impairment.

41. The misconduct of Defendant Officers was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

42. Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

43. Plaintiff was harmed as a result of the unconstitutional conduct of Defendant Officers including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiffs, DAQUAN FLAX, purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

44. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

45. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime she did not commit, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

46. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

47. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

48. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

49. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

50. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of her liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., purusant to 42 U.S.C. §1983, demand

EXHIBIT 1

judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 745 ILCS 10/9-102 – Indemnification

51. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

52. Defendant CITY of CHICAGO is the employer of the Defendant Officers.

53. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF CHICAGO.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., demand that, should any individually-named defendants be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

### COUNT VII: Intentional Infliction of Emotional Distress (State Law Claim)

54. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

55. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

EXHIBIT 1

56. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

57. Defendant CITY OF CHICAGO is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of their respective employment.

58. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VIII: Malicious Prosecution (State Law Claim)

59. Plaintiffs re-allege each of the foregoing paragraphs as though fully set forth herein.

60. By the actions detailed above, DEFENDANT OFFICERS knowingly sought to and did in fact maliciously prosecute PLAINTIFF on false charges for which they knew there was no probable cause.

EXHIBIT 1

61. DEFENDANT CITY OF CHICAGO is sued in this Count pursuant to the doctrine of *respondeat superior*, in that DEFENDANT OFFICERS performed the actions complained of while on duty and/or in the employ of DEFENDANT CITY OF CHICAGO, and while acting within the scope of this employment.

62. As a direct and proximate result of the malicious prosecution, PLAINTIFF was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, DAQUAN FLAX, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IX: Assault (State Law Claim)

63. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

64. By the actions detailed above, the Defendant Officers intentionally placed Plaintiff in reasonable apprehension of receiving offensive bodily contact.

65. By the actions detailed above, Plaintiff was harmed.

66. As a direct and proximate result of the assault, Plaintiff was injured.

67. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

EXHIBIT 1

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT X: Battery (State Law Claim)

68. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

69. By the actions detailed above, the Defendant Officers intentionally made unwanted and offensive bodily contact against Plaintiff and inflicted harm to Plaintiff.

70. By the actions detailed above, Plaintiff was harmed.

71. As a direct and proximate result of the assault, Plaintiff was injured.

72. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiffs, ALEXIS FLAX, DAQUAN FLAX, and MARKITA WILLIAMS, as Mother and Next Friend of D.F., demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

                                          Respectfully Submitted,

EXHIBIT 1

By:   /s/ Jeanette Samuels
      *One of Plaintiff's Attorneys*

Jeanette Samuels
SHILLER PREYAR JARARD & SAMUELS
601 S. California Avenue
Chicago, Illinois 60612
T: (312) 226-4597
E: sam@chicivilrights.com